IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINH TRAN,<br>   Petitioner,<br> vs.<br>A. P. KANE, Acting Warden,<br>   Respondent. | No. C 05-2209 CRB (PR)<br><br>ORDER DENYING<br>PETITION FOR A WRIT OF<br>HABEAS CORPUS |

  Petitioner, a state prisoner incarcerated at the Correctional Training Facility in Soledad, California, seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging the California Board of Prison Terms' ("BPT") June 1, 2004 decision to deny him parole.

  Per order filed on October 3, 2005, the court found that petitioner's claim that the BPT's decision finding him not suitable for parole does not comport with due process appears colorable under § 2254, when liberally construed, and ordered respondent to show cause why a writ of habeas corpus should not be granted.  Respondent instead filed a motion to dismiss on the ground that California inmates do not have a liberty interest in early release on parole that is protected by federal due process because the Supreme Court of California held in In re Dannenberg, 34 Cal. 4th 1061 (2005), that the language of California Penal Code section 3041, setting forth California's parole scheme, is not mandatory.

Per order filed on September 6, 2006, the court denied respondent's motion on the ground that the "Ninth Circuit recently rejected respondent's argument and made clear that 'California inmates continue to have a liberty interest in parole after In re Dannenberg, 34 Cal. 4th 1061 (2005).' Sass v. California Bd. of Prison Terms, No. 05-16455, slip op. 10563, 10566 (9th Cir. Aug. 31, 2006)." Sept. 6, 2006 Order at 2. The court reinstated its previous order and again ordered respondent to show cause why a writ of habeas corpus should not be granted. Respondent has now filed an answer to the order to show cause and petitioner has filed a traverse.

## BACKGROUND

On December 20, 1995, petitioner pled guilty to second degree murder in the Superior Court of the State of California in and for the County of Orange and was sentenced to an indeterminate prison term of 15 years to life.

On June 1, 2004, petitioner appeared with counsel before a BPT panel for an initial parole consideration hearing and was found not suitable for parole. The panel found that petitioner would pose an unreasonable risk of danger to society or a threat to public safety if released from prison, and denied a subsequent parole hearing for three years.

Petitioner challenged the BPT's June 1, 2004 decision in the state superior, appellate and supreme courts. After the Supreme Court of California denied his petition for review on February 23, 2005, the instant federal petition for a writ of habeas corpus followed.

## DISCUSSION

A.   Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified under 28 U.S.C. § 2254, provides "the exclusive vehicle for a habeas

2

petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction." White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir. 2004).  Under AEDPA, this court may entertain a petition for habeas relief on behalf of a California state inmate "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

The writ may not be granted unless the state court's adjudication of any claim on the merits: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Id. at § 2254(d).  Under this deferential standard, federal habeas relief will not be granted "simply because [this] court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Williams v. Taylor, 529 U.S. 362, 411 (2000).

While circuit law may provide persuasive authority in determining whether the state court made an unreasonable application of Supreme Court precedent, the only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision.  Id. at 412; Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003).

B.     Legal Claims and Analysis

Petitioner seeks federal habeas corpus relief from the BPT's June 1, 2004 decision finding him not suitable for parole, and denying him a subsequent

3

hearing for three years, on the ground that the decision does not comport with due process. Petitioner claims that the BPT's decision is not supported by some evidence in the record, and is improperly based on the unchanging facts of his offense and ten-year old prison disciplinary violations. Petitioner also claims that the BPT violated his plea agreement by declaring his offense egregious and thereby depriving him of the reduced punishment he bargained for when he entered a guilty plea to the charged offense.

California's parole scheme provides that the board "shall set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration for this individual, and that a parole date, therefore, cannot be fixed at this meeting." Cal. Penal Code § 3041(b). In making this determination, the board must consider various factors, including the prisoner's social history, past criminal history, and base and other commitment offenses, including behavior before, during and after the crime. See Cal. Code Regs. tit. 15, § 2402(b) – (d).

California's parole scheme "gives rise to a cognizable liberty interest in release on parole" which cannot be denied without adequate procedural due process protections. Sass v. California Bd. of Prison Terms, 461 F.3d 1123, 1128 (9th Cir. 2006); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002). It matters not that, as is the case here, a parole release date has never been set for the inmate because "[t]he liberty interest is created, not upon the grant of a parole date, but upon the incarceration of the inmate." Biggs v. Terhune, 334 F.3d 910, 914-15 (9th Cir. 2003).

Petitioner's due process rights require that "some evidence" support the parole board's decision finding him unsuitable for parole. Sass, 461 F.3d at 1125

(holding that the "some evidence" standard for disciplinary hearings outlined in Superintendent v. Hill, 472 U.S. 445, 454-55 (1985), applies to parole decisions in § 2254 habeas petition); Biggs, 334 F.3d at 915 (same); McQuillion, 306 F.2d at 904 (same). This "some evidence" standard is minimally stringent and ensures that "the record is not so devoid of evidence that the findings of [the BPT] were without support or otherwise arbitrary." Hill, 472 U.S. at 457. Determining whether this requirement is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Id. at 455-56 (quoted in Sass, 461 F.3d at 1128).

Due process also requires that the evidence underlying the parole board's decision have some indicia of reliability. Biggs, 334 F.3d at 915; McQuillion, 306 F.3d at 904. Relevant in this inquiry "is whether the prisoner was afforded an opportunity to appear before, and present evidence to, the board." Morales v. California Dep't of Corrections, 16 F.3d 1001, 1005 (9th Cir. 1994), rev'd on other grounds, 514 U.S. 499 (1995). In sum, if the parole board's determination of parole unsuitability is to satisfy due process, there must be some evidence, with some indicia of reliability, to support the decision. Rosas v. Nielsen, 428 F.3d 1229, 1232 (9th Cir. 2005).

The record shows that the BPT afforded petitioner and his counsel an opportunity to speak and present their case at the hearing, gave them time to review petitioner's central file, allowed them to present relevant documents and provided them with a reasoned decision in denying parole. The panel explained that it found that the crime was an especially violent and brutal attack on multiple victims demonstrating a callous disregard for human suffering – petitioner discharged seven gun shots from a .45 caliber firearm at a group of rival gang members, fatally striking one of them in the head. The panel also found that

petitioner had an escalating pattern of criminal conduct and a record of violence, including prior criminal convictions for burglary, auto theft and false imprisonment; had an unstable social history and had failed to profit from society's previous attempts to correct his criminality; had failed to demonstrate a positive change in his behavior while incarcerated, noting various misconduct and disciplinary infractions; and had unfavorable psychological and institutional evaluations, with the latter predicting that he posed a high degree of risk to the public if released.   The panel commended petitioner for receiving no disciplinary write-ups since 1995, obtaining his GED and 12 college units, a positive work record, receiving a vocational certificate in landscaping and remaining out of gang life while incarcerated, among other things, but concluded that "these positive aspects of his behavior do not outweigh the factors of unsuitability." Hr'g Tr at 51 (Resp't Ex. 2).

      The state superior court upheld the decision of the BPT and the state appellate and supreme courts summarily affirmed.  The superior court found that the record "adequately establishes due consideration of petitioner's eligibility for parole and reveals ample evidentiary support for the Board's decision."  In re Sinh Tran, No. M-10304, slip op. at 3 (Cal. Super. Ct., Oct. 8, 2004) (Resp't Ex. 3).  The court noted that the commitment offense had been carried out in a violent, brutal manner demonstrating a callous disregard for human life; multiple victims had been attacked; petitioner had an unstable social history and an escalating pattern of criminal conduct reflected in his association with criminal street gangs and prior convictions for armed second degree robbery, first degree burglary, auto theft and false imprisonment; petitioner had sustained disciplinary action for institutional misconduct; petitioner's psychological evaluation deems him an average to above average risk to the community if released on parole; and

petitioner's institutional evaluation deems him as currently posing a high degree of risk to the public if released on parole. Id. at 2. The state court's rejection of petitioner's claim was not contrary to, or an unreasonable application of, the Hill standard, or was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d). The BPT's June 1, 2004 decision to deny petitioner parole after his first parole consideration hearing is supported by some evidence in the record and that evidence bears some indicia of reliability. See, e.g., Rosas, 428 F.3d at 1232-33 (upholding denial of parole based on gravity of offense and psychiatric reports); Biggs, 334 F.3d at 916 (upholding denial of parole based solely on gravity of offense and conduct prior to imprisonment); Morales, 16 F.3d at 1005 (upholding denial of parole based on criminal history, cruel nature of offense, and need for further psychiatric treatment). The inquiry under Hill is simply "whether there is any evidence in the record that could support the conclusion reached by the [BPT]." Hill, 474 U.S. at 455-56 (emphasis added). There is – the facts surrounding the crime reasonably suggest that it was carried out in a cruel and callous fashion; petitioner has a pre-commitment record of escalating criminal activity; and petitioner's psychiatric and institutional evaluations were not completely satisfactory. Cf. Cal. Code Regs. tit. 15, § 2402(c) & (d) (listing circumstances tending to show unsuitability for parole and circumstances tending to show suitability). It is not up to this court to "reweigh the evidence." Powell v. Gomez, 33 F.3d 39, 42 (9th Cir. 1994).

Petitioner's reliance on Biggs does not compel a different result. In Biggs, the Ninth Circuit upheld the initial denial of a parole release date based solely on the nature of the crime and the prisoner's conduct before incarceration, but cautioned that, over time, denying a prisoner parole strictly because of the nature of his offense and his prior conduct "would raise serious questions involving his

7

liberty interest in parole . . . and could result in a due process violation." Biggs, 334 F.3d at 916-17.

The Ninth Circuit recently emphasized the continuing vitality of Biggs, but found that relief for the petitioner was precluded by the Sass decision, which upheld a denial of parole based in reliance on a commitment offense that was less callous and cruel than Irons's. Irons v. Carey, No. 05-15275, slip op. 8335, 8348-49 (9th Cir. July 13, 2007).[1] However, the Ninth Circuit made a point of noting that all of the cases in which it had previously held that a denial of parole based solely on the commitment offense comported with due process involved situations where the prisoner had not yet served the minimum number of years required by his sentence. Id. at 8349. "All we held in those cases and all we hold today, therefore, is that, given the particular circumstances of the offenses in these cases, due process was not violated when these prisoners were deemed unsuitable for parole prior to the expiration of their minimum terms." Id.

In this case, petitioner was deemed unsuitable for parole after his first parole consideration hearing, which took place nine years into his sentence and well before the expiration of his minimum term of 15 years. "[G]iven the particular circumstances of [petitioner's offense], due process was not violated when [he was] deemed unsuitable for parole prior to the expiration of [his] minimum term[]." Id. Moreover, the BPT's denial was not based solely on his commitment offense and pre-commitment conduct. Each of the other cited factors also constitutes some evidence under Hill.

/

---

[1] The Sass panel questioned Biggs by noting that "it is not our function to speculate about how future parole hearings could proceed." Sass, 461 F.3d at 1129.

|   |   |
|---|---|
| 1 | Petitioner claims that the BPT violated his plea agreement by declaring his |
| 2 | commitment offense egregious and thereby depriving him of the reduced |
| 3 | punishment he bargained for when he entered a guilty plea to second degree |
| 4 | murder.  The state superior court rejected petitioner's claim: |

> Petitioner pled guilty to and was convicted of second degree murder resulting in a sentence of 15 years to life in state prison.  An indeterminate sentence is in legal effect a sentence for the maximum term, that is, for life.  (People v. Dyer (1969) 269 Cal.App,2d 209, 214.)  An inmate serving an indeterminate life term in state prison is not entitled to release on parole until he is found suitable for such release by the Board of Prison Terms.  (Pen. Code § 3041(b); Cal. Code of Regs., tit. 15, § 2402(a)).

In re Sinh Tran, No. M-10304, slip op. at 3 (Cal. Super. Ct., Oct. 8, 2004).  The state court's rejection of petitioner's claim was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent, or was based on an unreasonable determination of the facts.  See 28 U.S.C. § 2254(d).  The state court reasonably determined that petitioner only bargained for the "possibility" of release on parole and that he consequently may be lawfully retained in custody for a term of life unless he is found suitable for release on parole by the BPT. See Ricketts v. Adamson, 483 U.S. 1, 6 n.3 (1987) (construction of state court plea agreement is governed by state contract law, and federal court should not disturb a reasonable state court interpretation); see also Evenstad v. United States, 978 F.2d 1154, 1157-58 (9th Cir. 1992) (change in the law regarding parole eligibility does not render an earlier guilty plea involuntary).

/
/
/
/
/
/

|   |   |
|---|---|
| 1 | **CONCLUSION** |

Petitioner is not entitled to federal habeas relief because the state courts' rejection of his federal claims was not contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent, or was based on an unreasonable determination of the facts.  <u>See</u> 28 U.S.C. § 2254(d).  The petition for a writ of habeas corpus is DENIED.

The clerk shall enter judgment in favor of respondent and close the file.

SO ORDERED.

DATED:  Sept. 19, 2007

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.05\Tran1.or3.wpd

10